IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALEXANDER ROSENBLATT, | § | |
| #55609-177, | § | |
| | § | |
| Movant, | § | |
| | § | No. 3:21-cv-01561-M (BT) |
| v. | § | No. 3:17-cr-00202-M-1 |
| | § | |
| UNITED STATES of AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Alexander Rosenblatt, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Rosenblatt's § 2255 motion.

I.

Rosenblatt pleaded guilty, pursuant to a plea agreement, to two counts of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). As part of his plea agreement, Rosenblatt signed a factual resume admitting that he twice produced pornography of Jane Doe 1, a minor child. (*See* CR ECF No. 70 at 4) (stipulating that Rosenblatt "persuaded, induced, and enticed Jane Doe 1, a minor female child, to

engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct").[1]

Rosenblatt's Presentence Report (PSR) calculated his guideline range by dividing his offenses into two groups: receipt of child pornography and production of child pornography. (PSR ¶¶ 30-56.) Rosenblatt's total offense level was 40 for the receipt counts. (PSR ¶ 40.) That is, his base offense level was 22; two levels were added because Rosenblatt possessed pornographic material of a child who had not yet attained the age of 12; four levels were added because he possessed a video of a toddler being raped; five levels were added because he engaged in a pattern of activity involving the sexual abuse of minors; two levels were added because he used a home-built computer; and 5 levels were added because he possessed more than 600 images. (PSR ¶¶ 31-36.) Rosenblatt's total offense level for the production count was 42. (PSR ¶ 48.) His base offense level was 32; two levels were added because Jane Doe 1 was between 12 and 16 years old; two levels were added because the videos involved the commission of sexual acts; two levels were added because Rosenblatt held himself out as a minor during the commission of the offense; and four levels were added because Rosenblatt coerced Jane

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CR ECF" refers to the underlying criminal action, case number 3:17-cr-00202-M-1, and "CV ECF" refers to this civil action, case number 3:21-cv-01561-M-BT.

Doe 1 to engage in sadistic or masochistic acts. (PSR ¶¶ 41-44, 48; CR ECF No. 81-1 at ¶ 43a.) Ultimately, the Court calculated Rosenblatt's total offense level using the production group because the offense level for that group was greater than for the receipt group. (*See* CR ECF No. 81-1 at ¶ 49.) With a two-level addition under the grouping rules, and a two-level reduction for accepting responsibility, Rosenblatt's total offense level became 42, and his guideline range was 360 to 480 months. (CR ECF No. 81-1 at ¶¶ 56, 97.)

The District Court sentenced Rosenblatt to 360 months' imprisonment and ordered Rosenblatt to pay $25,000 in restitution to his victims. The Fifth Circuit affirmed his conviction and sentence, *United States v. Rosenblatt*, 788 F. App'x 960 (5th Cir. 2019) (per curiam), and the Supreme Court denied his petition for writ of certiorari. *See Rosenblatt v. United States*, 141 S. Ct. 176 (2020).

Rosenblatt then filed his § 2255 motion (CV ECF No. 2) and a memorandum in support (CV ECF No. 3), in which he argues his attorney provided ineffective assistance of counsel:[2]

> 1. by failing to investigate whether Jane Doe 1 was actually a minor;
>
> 2. by failing to properly advise him whether he should stipulate that Jane Doe 1 was a minor;

---

[2] Rosenblatt states that he was represented by Cody Cofer and Jessica Graff, and he claims they both worked with the Federal Public Defender's Office. Mem. 1 (CV ECF No. 3.) Rosenblatt further claims that "[t]he division of representation" in his case "was never clear" to him. *Id.*

   3. by failing to review the PSR in a timely manner so objections could be filed;

   4. by failing to object to the two-level enhancement under the United States Sentencing Guidelines (U.S.S.G.) § 2G2.1(b)(1)(B);

   5. by failing to object to the two-level enhancement under U.S.S.G. § 2G2.1(b)(6)(A);

   6. by failing to object to the five-level enhancement under U.S.S.G. § 2G2.2(b)(5) for "pattern of activity"; and

   7. by failing to investigate his claim that he suffers from "impaired psychosexual development" and did not present his letter on the issue to the Court at sentencing.

The Government responds that Rosenblatt's ineffective assistance of counsel claims lack merit, and the Court should deny his § 2255 motion. Rosenblatt filed a reply, which included a request for an evidentiary hearing. Accordingly, his claims are fully-briefed and ripe for determination.

II.

A. Rosenblatt's ineffective assistance of counsel claims fail under *Strickland.*

   Rosenblatt raises seven ineffective assistance of counsel claims. Mot 7-8 (CV ECF No. 2); Mem. 7-17 (CV ECF No. 3). To prevail on a claim of ineffective assistance of counsel, a movant must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland v. Washington,*

466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

1. Claims One and Two

Rosenblatt argues that his attorney provided ineffective assistance when his attorney failed to challenge that the Government could not meet its burden on the production count, and there was absolutely "no evidence" of Jane Doe 1's age, as of the date of the PSR Addendum: June 14, 2018. Mem. 8 (citing PSR Addendum at 7 ¶ 100); *see also* Mot. 7 (CV ECF No. 2). Specifically, Rosenblatt contends that his attorney should have challenged the inclusion of the stipulation that Rosenblatt "persuaded, induced, and enticed Jane Doe 1, *a minor female child*, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct," at a minimum, by conducting some sort of investigation, such as hiring an expert witness, and not just advising Rosenblatt to stipulate to the conduct supporting a production count. Mot. 2 (CV ECF No. 2) Mem. 9 (CV ECF No. 3). Rosenblatt concludes that he was prejudiced by his attorney's performance because his 30-year prison term was "driven by" the stipulated

conduct and a video of Jane Doe 1 that he created, which was later discovered on his computer. Mem. 8 (CV ECF No. 3).

However, the PSR determined that Jane Doe 1 "had attained the age of 12 years but not yet attained the age of 16 years." (PSR ¶ 42; *see also* (CR ECF No. 91) (adopting the PSR at sentencing "without change")). The PSR concluded that Jane Doe 1 was "approximately 13 years old at the time" of the offense. (PSR ¶ 42.) Further, in a session with Jane Doe 1 involving the sex acts that Rosenblatt recorded, "Jane Doe 1 appears to tell [Rosenblatt] that she is 14 or 15 years old." (CR ECF No. 79 at 2; *see also* PSR Addendum (CR ECF No. 81-1) at 1-2.) In addition, Rosenblatt admitted in his Factual Resume that Jane Doe 1 was a "minor female child." (CR ECF No. 70 at 4.) Considering this record, the Probation Officer properly determined that Jane Doe 1, a victim of Rosenblatt's offense, was a minor.

Because Jane Doe 1 was a minor, Rosenblatt cannot show that his attorney provided deficient performance by failing to investigate Jane Doe 1's age, hire an expert witness to determine her age, or otherwise argue there was some reasonable doubt regarding whether Jane Doe 1 was a minor. Rosenblatt's unsubstantiated argument that his attorney should have investigated the issue further falls short of demonstrating deficient performance. And the failure to conduct a frivolous investigation does not cause counsel's performance to fall below an objective level of reasonableness. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir.1998)

(citing *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995)); *see also Strickland*, 466 U.S. at 691 (recognizing "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary").

Under *Strickland*, a court's review of counsel's performance should be "highly deferential."466 U.S. at 698. This is so because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence[.]" *Id.* at 689. And "[g]iven the almost infinite variety of possible trial techniques and tactics available to counsel, this Circuit is careful not to second guess legitimate strategic choices." *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993); *see also United States v. Scott*, 11 F.4th 364, 373 (5th Cir. 2021) (recognizing there are "countless ways to provide effective assistance in any given case") (quoting *Strickland*, 466 U.S. at 689). Rosenblatt has failed to show deficient performance under *Strickland*.

Rosenblatt has also failed to demonstrate prejudice. In a case where the movant argues that his attorney provided ineffective assistance of counsel by failing to investigate and properly advise him prior to a guilty plea, he must demonstrate that but for his attorney's deficient performance, he would have instead insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) ("In order '[t]o prove prejudice for an ineffective assistance of

counsel claim in the context of a guilty plea, the habeas petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'") (quoting *Bond v. Dretke*, 384 F.3d 166, 167-68 (5th Cir. 2004)). Rosenblatt does not attempt to show that but for his attorney's deficient performance, he would have insisted on going to trial. He has therefore failed to show he suffered prejudice. Rosenblatt's first and second claims fail under both prongs of the *Strickland* standard, and they should be denied.

2. Claim Three

Next, Rosenblatt argues that his attorney provided ineffective assistance of counsel when he waited until just "a few days" prior to sentencing, and after any objections to the PSR were due, to meet and confer with him about the PSR. Mot. 7 (CV ECF No. 2); Mem. 10 (CV ECF No. 3). Rosenblatt further argues that his attorney's conduct precluded a "meaningful opportunity" to address his concerns about the PSR's contents, prevented an investigation, and did not allow time to raise objections to the PSR. Rosenblatt claims that his attorney made "no objections" to the PSR, and he even failed to file a notice of "no objections" until the day before sentencing. Mot. 7 (CV ECF No. 2); Mem. 11 (CV ECF No. 3). Rosenblatt concedes that at sentencing, he stated on the record there were no errors to be corrected in the PSR, but he explains he was "afraid to voice any

objections to the PSR" for fear of disrupting the process and impacting his sentence. Mem. 11 (CV ECF No. 3).

"In the context of sentencing, prejudice means that but for his counsel's error, his sentence would have been significantly less harsh." *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (per curiam); *see also Glover v. United States*, 531 U.S. 198, 200 (2001) ("[I]f an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"); *United States v. Seyfert*, 67 F.3d 544, 548-49 (5th Cir. 1995) ("To satisfy the prejudice prong of the *Strickland* test in the context of a non-capital sentencing proceeding, a defendant must establish a reasonable probability that, but for the deficient performance of counsel, his sentence would have been significantly less harsh.") (citing *United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995); *United States v. Segler*, 37 F.3d 1131, 1136 (5th Cir. 1994)); *see also Potts v. United States*, 566 F.Supp.2d 525, 537 (N.D. Tex. 2008).

Even if the Court assumes Rosenblatt's attorney failed to meet with him until just prior to sentencing, he has failed to show he suffered prejudice. Specifically, Rosenblatt cannot demonstrate that if his attorney had met with him earlier, he would have received a less harsh sentence. And the requirement that a movant show a probability of a different result at sentencing is a heavy burden, as he must show a "substantial" likelihood of a different result, and not just a "conceivable" likelihood. *Harrington v.*

*Richter*, 562 U.S. 86, 112 (2011); *see also United States v. Wines*, 691 F.3d 599, 604 (5th Cir. 2012); *United States v. Brito*, 601 F. App'x 267, 272-73 (5th Cir. 2015).

At sentencing, when the District Court asked Rosenblatt if there were any errors in the PSR to be corrected, he responded, "No ma'am." (CR ECF No. 99 at 9.) "Solemn declarations in open court carry a strong presumption of verity," which create a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). When a § 2255 movant brings a claim that is at odds with his sworn testimony, he must independently corroborate his allegations. *United States v. Gonzalez*, 139 F.3d 899, 1998 WL 127868, at *2 (5th Cir. 1998) (per curiam).

Rosenblatt argues that his attorney's delay in meeting with him to discuss the PSR prevented his attorney from gathering evidence in support of the objections Rosenblatt has proposed. However, Rosenblatt fails to come forward with any evidence that could have supported those objections. He was sentenced in July 2018, but even now, years after Rosenblatt was sentenced, he has failed to come forward with *any* evidence supporting his proposed objections, which are: (1) Jane Doe 1 did not indicate her age, (2) his Skype profile picture was taken when he was 23 or 24 years old, and (3)

an expert could diagnose him with a "psychosexual disorder," and it would somehow explain why he engaged in the offense conduct.

For these reasons, Rosenblatt has failed to show that his attorney provided deficient performance under *Strickland*, and this ineffective assistance of counsel claim must fail. *See Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995) ("[A] court need not address both prongs of the conjunctive *Strickland* standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test."); *see also Okechuku v. United States*, 2021 WL 2690091, at *9 (N.D. Tex. June 14, 2021), *rec. adopted* 2021 WL 2685283 (N.D. Tex. June 30, 2021). Therefore, Rosenblatt's third claim should be denied.

2. Claim Four

Next, Rosenblatt argues the Court applied a two-level enhancement under U.S.S.G. § 2G2.1(b)(1)(B), and his attorney should have objected to the enhancement "because it was inappropriate and not supported by the facts." Mem. 12 (CV ECF No. 3); *see also* Mot. 8 (CV ECF No. 2). He further argues that if his attorney had properly investigated, he would have learned that the Government could not prove Jane Doe 1 was younger than sixteen years old, and the enhancement was therefore inapplicable. *Id.* Rosenblatt argues: (1) Jane Doe 1's age could not be determined solely from watching the video; (2) she was never identified; and (3) she did not specifically state her age on the video. Mot. 8 (CV ECF No. 2). Rosenblatt concludes that he

11

was prejudiced by the application of the § 2G2.1(b)(1)(B) enhancement because it resulted in an increased sentence. Mem. 12 (CV ECF No. 3).

At sentencing, the Court applied a two-level enhancement under § 2G2.1(b)(1)(B) because the Court determined the offense involved a minor who had attained the age of twelve years old, but she had not yet attained the age of sixteen years old. (PSR ¶ 42.) The PSR provides: "Jane Doe 1, who was portrayed in child pornography that was produced by the defendant, was approximately 13 years old at the time of the instant offense." (PSR ¶ 42) (citing U.S.S.G. § 2G2.1(b)(1)(B)).

Rosenblatt claims that he has no "recollection" of Jane Doe 1 identifying her age on the video. Mem. 12 (CV ECF No. 3). However, his memory of the events that took place in the video with Jane Doe 1 is irrelevant. The PSR determined that the § 2G2.1(b)(1)(B) enhancement was appropriate, and the District Court agreed. It was determined Jane Doe 1 appeared to tell Rosenblatt she was fourteen or fifteen years old. (CR ECF No. 79 at 2; CR ECF No. 81-1 at 1-2.) At sentencing, the District Court observed, "You have a 13-year-old child and you are encouraging and directing her to engage in perverse sexual activity for your own perverse pleasure. And that is undeniable. You did that. Your mother didn't mention that, because it's probably too horrible for her to say the words, and same for you." (CR ECF No. 99 at 42.)

In sum, Jane Doe 1 was approximately thirteen years old at the time of the offense, and she identified herself on the video as fourteen or fifteen years old. The enhancement under U.S.S.G. § 2G2.1(b)(1)(B) was therefore properly applied at sentencing. An attorney's failure to make a frivolous objection does not cause their performance to fall below an objective level of reasonableness. *Green*, 160 F.3d at 1037 (citing *Sones*, 61 F.3d at 415); *see also United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (failure to raise a meritless argument cannot support an ineffective assistance of counsel claim). Rosenblatt's fourth claim fails under both prongs of the *Strickland* standard, and it should be denied.

3. Claim Five

Rosenblatt argues that his attorney provided ineffective assistance of counsel when he failed to object to the application of the two-level enhancement under U.S.S.G. § 2G2.1(b)(6)(A) at sentencing. Mot. 11 (CV ECF No. 2); Mem. 12-14 (CV ECF No. 3). Specifically, he claims that the District Court applied the enhancement on the basis that he depicted himself to be a teenage boy on his Skype account to coerce Jane Doe 1 to engage in sexually explicit conduct with him. Mem. 13 (CV ECF No. 3.) However, Rosenblatt contends that the Skype profile picture was taken when he was twenty-three or twenty-four years old, and he informed his attorney this was the case. *Id.* Rosenblatt further contends that his attorney made no attempt to investigate the fact that the picture was taken when he was in his twenties,

13

an adult, and not when he was an adolescent. *Id.* He claims that despite what the PSR states, he did not portray himself as an adolescent in his interactions with Jane Doe 1. *Id.* Rosenblatt concludes that because his attorney waited until the last minute to meet with him before sentencing, his attorney had no time to demonstrate the Skype profile photo was taken when Rosenblatt was an adult, something "he could have easily done." *Id.*

Section 2G2.1(b)(6)(A) applies where the defendant "for the purpose of producing sexually explicit material" knowingly misrepresents his "identity to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct." U.S.S.G. § 2G2.1(b)(6)(A).

In this case, the Government's evidence showed that Rosenblatt "entic[ed] and encourage[ed] Jane Doe 1 to produce child pornography on several occasions." (CR ECF No. 79 at 2.) Moreover, "[t]he defendant pretended to be a 14-year-old boy while video chatting with a 12-year-old girl. During this chat session, the defendant convinced the 12-year-old girl to strip down to her underwear and show the defendant." *Id.* At sentencing, the Government introduced an exhibit showing Rosenblatt's Skype profile picture, in which he looked like an adolescent and his chat with a twelve-year-old victim, where he identified himself as "14." (CR ECF No. 97-1.)

In addition to Rosenblatt lying about his age to the twelve-year-old victim, he also lied about his age to Jane Doe 1. (PSR ¶ 19.) He engaged in chats with Jane Doe 1 where he "portrayed himself as an adolescent." (PSR

¶ 19.) Rosenblatt also interacted with Jane Doe 1 over Skype, and he used the same Skype profile picture, in which he looked like an adolescent. (PSR ¶¶ 18-19; *see also* CR ECF No. 97-1.) Considering all this evidence, the Court appropriately applied a two-level enhancement under § 2G2.1(b)(6)(A) at sentencing.

Rosenblatt argues that his attorney should have corroborated his claim that the Skype profile picture was taken when he was "23 or 24," and he did not misrepresent his age to Jane Doe 1. Mem. 13 (CV ECF No. 3). However, as discussed, the PSR contained evidence of chats where Rosenblatt misrepresented his age to minors. Rosenblatt cannot substantiate his present allegations, which are at odds with the record. For instance, he claims that he could have "easily" proven the picture on his Skype profile was taken when he was twenty-three or three-four years old, and despite his claim that it could be "easily" shown, he has failed to come forward with any proof. *Id.* Rosenblatt's bare allegations before the Court are belied by his chats with Jane Doe 1, as set forth in the PSR, and his pattern of lying to minors about his age to coerce them into sex acts he could film. (PSR ¶¶ 18-19; CR ECF No. 79 at 2; CR ECF No. 97-1; *see also* CR ECF No. 99 at 30-31.)

For these reasons, Rosenblatt cannot show if his attorney had objected to the application of U.S.S.G. § 2G2.1(b)(6)(A) at sentencing, it would have been sustained. His attorney's failure to make a frivolous

objection did not cause his performance to fall below an objective level of reasonableness. *See Green*, 160 F.3d at 1037 (citing *Sones*, 61 F.3d at 415); *see also Kimler*, 167 F.3d at 893 (failure to raise a meritless argument cannot support an ineffective assistance of counsel claim). Rosenblatt's fifth claim fails under both prongs of the *Strickland* standard, and it should be denied.

### 4. Claim Six

Rosenblatt next argues that his attorney should have objected to an erroneous application of the "pattern of activity" enhancement under U.S.S.G. § 2G2.2(b)(5). Mot. 11 (CV ECF No. 2); Mem. 14-15 (CV ECF No. 3). Specifically, he contends that the Court applied § 2G2.2(b)(5) to his receipt of child pornography, not to his production of child pornography. Mot. 11 (CV ECF No. 2); Mem. 14-15 (CV ECF No. 3). Rosenblatt concludes that his attorney's failure to object to the application of § 2G2.2(b)(5) prejudiced him because his sentence was greater than it would have been without the enhancement. Mem. 15 (CV ECF No. 3).

The commentary to § 2G2.2(b)(5) defines the "pattern of activity involving the sexual abuse or exploitation of a minor" as:

> any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct.

*United States v. Bacon*, 646 F.3d 218, 220 (5th Cir. 2011) (per curiam) (quoting U.S. Sentencing Guidelines Manual § 2G2.2 cmt. n. 1 (2008)).

16

With respect to the enhancement under § 2G2.2(b)(5), Rosenblatt's PSR provides: "On June 13, 2015, and June 19, 2015, the defendant received video files depicting the sexual abuse of minor females, thereby engaging in a pattern of activity involving the sexual abuse of a minor. Thus, 5 levels are added. USSG §2G2.2(b)(5)." (PSR ¶ 34.)

Rosenblatt argues that the Court should not have applied § 2G2.2(b)(5) to his case involving *receipt* of child pornography, but his argument is a misstatement of the facts. The § 2G2.2(b)(5) enhancement was based on Rosenblatt's *production* of child pornography on at least two occasions: his abuse of Jane Doe 1 on February 14, 2015 and again on March 23, 2015. (*See* PSR Addendum (CR ECF No. 81-1 at 1.)) Specifically, "the defendant instructed victim, Jane Doe 1, via video chat, to insert items into her vagina for him while he watched and recorded the video chat on his computer." (*Id.*) In sum, Rosenblatt engaged in a "pattern of activity" of sexually abusing or exploiting Jane Doe 1, and he cannot demonstrate his attorney provided deficient performance by failing to make a frivolous objection.

Rosenblatt also cannot show prejudice. "In the context of sentencing, prejudice means that but for his counsel's error, his sentence would have been significantly less harsh." *Stewart*, 207 F.3d at 751; *see also Glover*, 531 U.S. at 200 ("[I]f an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). Even if the

District Court overscored the receipt group, it was the production group, not the receipt group, that controlled Rosenblatt's guideline calculation.[3] (*See* PSR Addendum (CR ECF No. 81-1 at 5-7)). Rosenblatt has not even attempted to show that a lower guideline calculation on the receipt group would have impacted the calculation of the production group, his ultimate guideline range, or the sentence he received.

For these reasons, Rosenblatt's sixth claims fails under both prongs of the *Strickland* standard, and it should be denied.

5. Claim Seven

Rosenblatt argues that his trial attorney provided ineffective assistance of counsel when the attorney failed to investigate and offer mitigating evidence about his "impaired psychosexual development" at sentencing. Mot. 11 (CV ECF No. 2); Mem. 16 (CV ECF No. 3). Specifically, Rosenblatt contends that he wrote a letter to the District Court and

---

[3] In a footnote, Rosenblatt argues that "because of grouping rules, it would have been improper to enhance the receipt counts based on conduct underlying the production count." Mem. 15 n. 7 (CV ECF No. 3). In support of this argument, he cites to one, inapposite case: *United States v. Kleinebreil*, 966 F.2d 945, 951-52, 954 (5th Cir. 1992), a case involving a marijuana conviction. *Id.* However, Rosenblatt does not contend that his attorney should have challenged the District Court's application of the "grouping rules." And merely presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). Therefore, Rosenblatt's argument is too conclusory and fails to state a claim for ineffective assistance of counsel under *Strickland*.

explained his condition and why he started looking at child pornography, but his attorney provided deficient performance by failing to present it at sentencing. Mem. 16-17 (CV ECF No. 3). Rosenblatt concludes that he was prejudiced by his attorney's deficient performance because he lost an opportunity to mitigate his actions and potentially secure a downward variance. Mem. 17 (CV ECF No. 3).

Rosenblatt did not file a copy of his letter in this § 2255 action. He refers to "impaired psychosexual development" in his § 2255 motion and memorandum, but he fails to provide any evidence in support. Mot. 11 (CV ECF No. 2); Mem. 16 (CV ECF No. 3). Notably, when interviewed for the PSR, he reported that "he does not suffer from *any* mental illness or emotional health problems nor has he received treatment for such." (PSR ¶ 76) (emphasis added).

Although *pro se* filings are liberally construed, this does not mean the Court must develop the arguments for the litigant. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) ("[M]ere conclusory allegations on critical issues are insufficient to raise a constitutional issue."). Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir.

2002) (noting that where a habeas petitioner fails to brief an argument adequately, it is considered waived). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Rosenblatt makes the bare allegations that he suffers from "impaired psychosexual development" and that he wrote a letter to the District Court his attorney failed to submit at sentencing. However, these allegations must fail because they are so conclusory that they are legally insufficient. Rosenblatt's argument lacks the necessary detail this Court needs to properly address it. Because this portion of his seventh claim is simply too brief, it is impossible to determine the exact nature of this portion of his claim. Therefore, this portion of Rosenblatt's seventh claim should be summarily dismissed.

The other portion of Rosenblatt's seventh claim, in which he argues that his attorney erred by failing to investigate his "psychosexual impairment," is legally insufficient. To demonstrate prejudice due to "a failure to investigate on the part of his counsel [a movant] must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *Adekeye v. Davis*, 938 F.3d 678, 683 (5th Cir. 2019) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). Rosenblatt's allegations fail to meet this burden. Specifically, he has

not explained his alleged impairment, and he has failed to suggest what an investigation of the alleged "psychosexual impairment" would have revealed that would have led to him receiving a lower sentence. Accordingly, this portion of Rosenblatt's seventh claim fails on the merits and should be denied. *See Adekeye*, 938 F.3d at 683; *see also Green*, 882 F.2d at 1003.

B. Rosenblatt is not entitled to an evidentiary hearing.

Last, Rosenblatt argues that he is entitled to an evidentiary hearing. Mem. 17 (CV ECF No. 3). With a § 2255 motion, an evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981) (citing *Sosa v. United States*, 550 F.2d 244, 250 (5th Cir. 1977)). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008)); *see also United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). A district court's decision not to hold an evidentiary hearing is reviewed for abuse of discretion. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citing *Cervantes*, 132 F.3d at 1110).

As discussed, Rosenblatt's ineffective assistance claims are either subject to summary dismissal or fail on the merits. Because the motion, files,

and records of the case conclusively demonstrate that Rosenblatt is not entitled to relief, a hearing is not warranted. *See* 28 U.S.C. § 2255(b); *see also* *Hughes*, 635 F.2d at 451. Therefore, Rosenblatt's request for an evidentiary hearing is denied.

### III.

The District Court should DENY Rosenblatt's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

Signed November 28, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See* *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)