IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALEXANDER ROSENBLATT, | § | |
| #55609-177, | § | |
| Movant, | § | |
| | § | No. 3:21-cv-01561-M-BT |
| v. | § | No. 3:17-cr-00202-M-1 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Alexander Rosenblatt has filed a motion for leave to proceed *in forma pauperis* on appeal (ECF No. 30). For the following reasons, the District Court should deny Rosenblatt's motion.

I.

Rosenblatt initiated this action by filing a motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 2) and a brief in support. The undersigned magistrate judge recommended that the District Court deny the § 2255 motion with prejudice. FCR (ECF No. 12). Rosenblatt filed objections,[1] (ECF No. 26), which the District Court overruled. On

---

[1] Initially, the District Court accepted the magistrate judge's recommendation, denied a certificate of appealability (COA), and entered judgment on December 27, 2022. Ord. (ECF No. 14); J. (ECF No. 15). However, the Court received Rosenblatt's first motion seeking additional time within which to file objections to the magistrate judge's FCR. Because Rosenblatt signed and dated his motion on December 19, 2022, prior to the entry of the Court's order of acceptance and judgment, the Court granted Rosenblatt's motion, vacated its order of acceptance and judgment, and directed Rosenblatt to file objections by March

September 13, 2023, the District Court accepted the magistrate judge's FCR, denied a COA, and entered judgment. Ord. (ECF No. 27); J. (ECF No. 28). In its order of acceptance, the District Court specifically found Rosenblatt failed to show that "reasonable jurists would find this Court's 'assessment of the constitutional claims debatable or wrong,'" "reasonable jurists would find 'it debatable whether the [motion] states a valid claim of the denial of a constitutional right,'" or "debatable whether [this Court] was correct in its procedural ruling." Ord. 2 (ECF No. 27) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

## II.

To proceed *in forma pauperis* on appeal, an appellant must show financial eligibility and a nonfrivolous issue for appeal. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Under Federal Rule of Appellate Procedure 24(a)(3)(A), an appellant is ineligible for *in forma pauperis* status if the court certifies that the appeal is not taken in good faith. "Good faith" means

---

7, 2023. Ord. (ECF No. 17). Thereafter, the Court received two additional motions for more time to file objections, which the Court granted. Ord. (ECF Nos. 19, 21). On July 25, 2023, having received no objections from Rosenblatt, the District Court again accepted the magistrate judge's recommendation, denied a COA, and entered judgment. Ord. (ECF No. 22); J. (ECF No. 23). Rosenblatt then filed yet another motion seeking additional time to file objections, and once again the Court granted Rosenblatt's motion, vacated its July 25, 2023 order of acceptance and judgment, and directed him to file any objections by August 24, 2023. Ord. 1 (ECF No. 25). The Court also warned Rosenblatt that "**FURTHER EXTENSIONS ARE EXCEEDINGLY UNLIKELY TO BE GIVEN.**" *Id.* The Court finally received Rosenblatt's objections on August 29, 2023. (ECF No. 26).

that the issues on appeal are not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). When the underlying claims are "entirely frivolous and had no possibility of success," the appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 201-02 (5th Cir. 1997). The determination of whether good faith exists "is limited to whether the appeal involves legal points arguable on the merits (and therefore not frivolous)." *United States v. Moore*, 858 F. App'x 172, 172 (5th Cir. 2021) (per curiam) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted)). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam) (citing *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981)).

Rosenblatt has failed to demonstrate that his case involves a nonfrivolous issue for appeal, and he is therefore not entitled to a COA. *See Slack*, 529 U.S. at 484. The magistrate judge recommended that Rosenblatt's habeas motion be denied with prejudice, and the District Court agreed. Rosenblatt has not come forward with any compelling new arguments, and any appeal in this case would not be taken in good faith. Accordingly, the District Court should DENY Rosenblatt's motion for leave to proceed *in forma pauperis* on appeal.

III.

The District Court should DENY Rosenblatt's motion.

3

If the District Court denies Rosenblatt's request to proceed *in forma pauperis* on appeal, he may challenge that finding by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit within 30 days from the date of this order. *See Baugh*, 117 F.3d at 202; *see also* Fed. R. App. P. 24(a)(5).

SO RECOMMENDED.

Signed November 22, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).